UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED by KAC D.C.
NOV 16 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

CASE NO.: 09-23481

CIV-HOEVELER

MAGISTRATE JUDGE
TURNOFF

Pedro Amor, and; others similarly situated,

    Plaintiff,
vs.

CLASS REPRESENTATION

Brickell Motors, LLC, a Florida Corporation
d/b/a "Brickell Motors" and "Brickell Honda";
Miami Automotive Retail, Inc., d/b/a "Brickell Motors"
and "Brickell Honda", and Alexander Andreus,
individually, d/b/a "Brickell Motors" and "Brickell Honda"

    Defendant.
_____/

## FAIR LABOR STANDARDS ACT COMPLAINT

Plaintiff Pedro Amor, individually and on behalf of others similarly situated, sues Defendant, Brickell Motors, LLC, a Florida corporation, d/b/a "Brickell Motors" and "Brickell Honda", and alleges:

### JURISDICTIONAL ALLEGATIONS

1.    This is an action to recover money damages for unpaid minimum wages brought under the laws of the United States of America. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C., Sections 201-219, inclusive ("FLSA").

2.    Plaintiff Pedro Amor and others similarly situated worked as automobile salespersons at an automobile dealership location known as "Brickell Motors" or "Brickell Honda" in Miami-Dade County, Florida. Each named or represented Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

3. Defendant Brickell Motors, LLC, is a Florida Limited Liability Company and employer which operates at least one automobile dealership or entity or related dealerships or entities which jointly operate under the registered fictitious name of "Brickell Motors" or "Brickell Honda". The Defendant is closely, privately, owned and operated.

4. Defendant Miami Automotive Retail, Inc., is a corporation and employer which operates at least one automobile dealership or entity or related dealerships or entities which jointly operate under the registered fictitious name of "Brickell Motors" or "Brickell Honda". The Defendant is closely, privately, owned and operated. Defendant Miami Automotive Retail, Inc. is also the owner of the registered Fictitious Name: Brickell Motors.

5. Defendant Alexander Andreus is an individual who is the sole listed Manager/Member and "COO" of both Brickell Motors, LLC and Brickell Honda LLC, both of which list the same principal address and mailing address which is the location of the automotive retail dealership known as "Brickell Motors".

6. Defendants, each of them individually and together as a group is a "person" and an "employer" within the meaning of the 29 U.S.C. §203 (a) and (d) and are hereinafter referred to jointly as the "Employer" or "Defendant". Moreover, this same "Employer", individually or together as a group, is an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s).

7. Jurisdiction is conferred upon this Court by 28 U.S.C. §1337, and by 29 U.S.C. §216(b). The Employer is, and at all times material to this action was, an organization which sells and/or markets and/or transports services and/or goods to customers in Florida. Upon information and belief, the annual gross revenue of the Employer was at all times material to this action in excess of $500,000.00 per annum.

8. By reason of the foregoing, the Employer is, and at all times material to this action was, an enterprise engaged in commerce or in the production of goods for commerce as defined in Sections 3(r) and 3(s) of the FLSA, 29 U.S.C., §§ 203(r) and 203(s).

## CLASS ALLEGATIONS

9. The Plaintiff is similarly situated to an untold number of other salespersons who work or have worked for the Employer during any part of the past three years at any of the related automobile dealerships operating under the ambit of the "Brickell Motors".

10. The named Plaintiff and those similarly situated work or worked under a "commissions-only" pay plan which does not incorporate any wage allowance at all based upon the number of hours actually worked by sales personnel. Sales personnel of this employer are paid only such amounts as correspond to the actual commissions generated by them based upon the number of vehicles sold by each salesperson.

11. On a bi-weekly basis, the Employer merely calculates and pays out commission-only compensation to salespersons based upon the commissions generated during the corresponding pay period, depending only upon the number of automobiles actually sold by a given employee during that pay period. Under this "commissions only" pay plan, sales employees are allowed a bi-weekly advance on future commissions based upon minimum wage based upon a hypothetical hours worked, regardless of the number of hours actually worked during the bi-weekly pay period. The advance is subsequently, systematically paid back by the employee from commissions as money owed to the employer.

12. The employer does not maintain any reliable method by which the hours worked by sales personnel are kept.

13. On numerous occasions during the period of time covered by this Complaint, the named Plaintiff and others similarly situated generated fewer sales commissions than were necessary to cover the minimum wage rate for actual hours worked during a given pay period.

14. As a matter of course, the Employer also fails to pay the Plaintiffs for any hours worked during the last pay period they work for this employer.

15. Additionally, the Employer has conditioned the collection of any hourly wage upon the "repayment" of amounts previously drawn in excess of commissions. In short, the employer does not pay an hourly wage, but rather merely occasionally permits a draw against future commissions not yet earned.

## ATTORNEY'S FEES

16. Plaintiff has engaged the services of the undersigned attorneys and has agreed to pay a reasonable attorney's fees for their services.

## ENTITLEMENT TO ATTORNEY'S FEES

17. Plaintiff, and those similarly situated, are entitled to an award of prevailing party attorney's fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219.

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
(Failure to Pay Minimum Wages)

18. At all times during his employment, the Plaintiff -- and other similarly situated employees -- were employees required to be paid a minimum hourly wage for every hour worked for the Employer.

19. Since on or about November, 2006 through the present ("the applicable period covered by this Complaint"), the Employer has violated the provisions of the FLSA, 29 U.S.C. §206 and §215(a)(2) by failing to pay the Plaintiff and/or other similarly situated salespersons a minimum hourly wage during numerous applicable pay periods by among other factors, the

following: (a) failing to pay at least the applicable minimum hourly wage for every hour worked during numerous covered pay periods as required by law; (b) completely failing to maintain the types of books and records required by the FLSA for employees subject to the minimum wage; (c) failing to post required notices of the employees' rights under the FLSA..

20. At all times material to this action, the Employer failed to comply with 29 U.S.C. Sections 201-219 and 29 C.F.R., Sections 516.1, *et. seq.* in that Plaintiff and those similarly situated performed services for the benefit of the Defendant for which they were paid below the minimum wage rates required under both federal law, and under applicable Florida law and Constitution, whose higher minimum wage rates are made applicable under the FLSA. Other persons who are -- or who may become -- Plaintiffs in this action, also provided labor as hourly-rate employees and/or former employees of the Employer and have also been systematically paid less than the applicable minimum hourly wage, for the reasons set forth above.

21. The Plaintiff and those similarly situated typically worked an average of 60-70 hours per week, but were permitted to draw advances based upon varying hypothetical hours per week which were always less than the actual number of hours worked. To the extent that the advances exceeded the commissions generated during a pay period, that difference was treated as a debt to the Employer and "repaid" to the employer from commissions earned in subsequent pay periods.

22. The Employer knew or showed a reckless disregard for the provisions of the FLSA concerning the payment of minimum wages and remains owing the named Plaintiff and other similarly situated employees a minimum wage for every hour worked during the three year period preceding this lawsuit. Accordingly, Plaintiffs are entitled to recover double damages.

## JURY DEMAND

23. Plaintiff, Pedro Amor, and those similarly situated, demand trial by jury of all issues, claims and defenses in this action that are triable as of right by a jury.

WHEREFORE, Plaintiff Pedro Amor, and others similarly situated demand the following: payment of minimum wages for every hour worked by them and those similarly situated, or as much as is allowed by the Fair Labor Standards Act, whichever is greater, in an amount to be proven at the time of trial; an additional like amount as liquidated damages; an award of reasonable attorney's fees and costs, and; any and all such other relief which this Court may deem reasonable under the circumstances. Additionally, in the event that Plaintiff does not recover liquidated damages as allowed, then Plaintiff and those similarly situated demand an award of prejudgment interest as a lesser alternative to liquidated damages.

Dated: November 13, 2009

ANTHONY F. SANCHEZ, P.A.
Counsel for Plaintiffs
1450 Madruga Avenue, Suite 408
Coral Gables, FL 33146
Tel.:   305-665-9211
Fax:   305-662-2524
E-mail: afspalaw@aol.com

By: _____
Anthony F. Sanchez
Florida Bar No. 0789925

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

09-23481

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

### I. (a) PLAINTIFFS
Pedro Amor, and others similarly situated
Miami-Dade

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
ANTHONY F. SANCHEZ, P.A.
1450 MADRUGA AVENUE, SUITE 408
CORAL GABLES, FL 33146
305-665-9211

### DEFENDANTS
Brickell Motors, LLC, et al.
Miami-Dade

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

CIV-HOEVELER

Attorneys (If Known)

MAGISTRATE JUDGE
TURNOFF

FILED by ___ D.C.
NOV 16 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

**(d)** Check County Where Action Arose: ☒ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLAND

09CV 23481 Hoeveler/Turnoff

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** |  |  | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury - Med. Malpractice | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury - Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | ☐ 690 Other |  | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 340 Marine | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 350 Motor Vehicle | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | ☐ 355 Motor Vehicle Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 360 Other Personal Injury | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 370 Other Fraud | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 371 Truth in Lending |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 380 Other Personal Property Damage |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 385 Property Damage Product Liability |  |  | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  |  |
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  |  |  |
| ☐ 442 Employment | **Habeas Corpus:** |  |  |  |
| ☐ 443 Housing/Accommodations | ☐ 530 General |  |  |  |
| ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |  |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights |  |  |  |
| ☒ 440 Other Civil Rights | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☒ NO    b) Related Cases ☐ YES ☒ NO
JUDGE _____    DOCKET NUMBER _____

### VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
FLSA, 29 USC Sec 201, et seq. (Minimum Wage)

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

### VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD    DATE 11/13/09

FOR OFFICE USE ONLY
AMOUNT $350.00   RECEIPT # 1011908

11/16/09