UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23481-CIV-HOEVELER

PEDRO AMOR and others similarly situated,

Plaintiffs,

v.

BRICKELL MOTORS, LLC, a Florida Corporation
d/b/a "BRICKELL MOTORS" and "BRICKELL HONDA";
MIAMI AUTOMOTIVE RETAIL, INC., d/b/a "BRICKELL
MOTORS" and "BRICKELL HONDA" and
ALEXANDER ANDREUS, individually, d/b/a
"BRICKELL MOTORS" and "BRICKELL HONDA,"

Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION UNDER THE FLSA, AND DIRECTING DEFENDANT TO COOPERATE TO FACILITATE NOTICE TO POTENTIAL CLASS MEMBERS

THIS CAUSE comes before the Court on Plaintiffs' Motion for Conditional Certification of Collective Action under the FLSA, for Production by Defendant of a Comprehensive List of Present and Former Employees, and for Court Authorized Mailing of Opt-In Notices, filed March 12, 2010. On April 21, 2010, this Court heard argument from the parties as to the merits of Plaintiffs' request.

As a preliminary matter, Defendants argue (in their response to Plaintiffs' motion) that Brickell Motors, LLC, never conducted business as "Brickell Motors" or "Brickell Honda" - and thus Brickell Motors, LLC, is improperly named as a defendant. While this argument may have merit, the Court will defer addressing this issue until a properly

supported motion has been filed. As to Defendant Alexander Andreus, Defendants argue that Mr. Andreus is the Chief Operating Officer of Brickell Motors and, as such, has never conducted or done business as "Brickell Motors" or "Brickell Honda." Again, this Court will defer ruling on the question of whether Mr. Andreus is a proper defendant until an appropriate motion has been filed.

Plaintiffs filed this action on November 16, 2009, seeking damages for alleged violations of the Fair Labor Standards Act, FLSA; specifically, Plaintiffs claim that Defendants operated the automotive dealerships "Brickell Motors" and "Brickell Honda" and failed to pay minimum wage to their salespersons. The Eleventh Circuit's guidance is clear: a conditional certification may be granted, at the first stage of a two stage process, if the pleadings and declarations when viewed under a fairly lenient standard demonstrate that there are others who are "similarly situated" and who may desire to "opt-in" to the case. Hipp v. Liberty National Life Ins. Co., 252 F.3d 1208 (11th Cir. 2001), Cameron-Grant v. Maxim Healthcare Svcs., Inc., 347 F.3d 1240 (11th Cir. 2003). In addition to the named Plaintiff (Pedro Amor) who was employed by Brickell Motors for the period June 8 - September 8, 2009, Plaintiffs have filed a Consent to Join on behalf of: Ernesto Canaual (employed April - June 2009), Jorge Corzo (July - September 2009), Luis M. Diaz (August - December 2008), Richard Reyes (Nov. 2008 - January 2009), and Carlos A. Vega (May - September 2009). Thus, the Plaintiffs represent a period of employment from August 2008 - January 2009, and from April 2009 - September 2009.

Defendants argue that no current employees have filed a notice of consent, and also notes that the overall hourly rate for named Plaintiff Pedro Amor was above the

minimum wage. Defendants do not dispute that there are several former salespersons seeking to join this action, but rather argue that no violations of the FLSA have been established. Defendants may have a winning argument, but at this stage of the proceedings Plaintiffs have carried the burden as described by the Eleventh Circuit and conditional certification of this collective action is appropriate.

Plaintiffs have requested expedited production of a comprehensive list of all former and current employees of the dealerships operating as "Brickell Motors" or "Brickell Honda" at any time from November 16, 2006, to the present "who ever received less than the applicable minimum hourly rate for every hour actually worked during any applicable pay period." Plaintiffs' Complaint alleges that all salespersons working for Defendants since November 2006 have suffered from Defendants' alleged violations of the FLSA. Defendants offer the Declarations of two current salespersons who claim to have received at least the minimum wage for all hours worked - again, these defense arguments will be addressed at an appropriate time. Defendants shall produce a list of those persons meeting the definition above, providing the last known home address, all telephone numbers, and email address, and shall produce such list in hard copy and electronic format, to Plaintiffs' counsel no later than May 26, 2010. If Plaintiffs' counsel is unable to locate a specific person identified by Defendants for the purpose of providing Notice to that person, the Court will entertain a request that Defendants provide that person's social security number or additional identifying information.

Defendants claim that the Plaintiffs' proposed Notice should include a limit as to the dates of employment. The Court agrees that the Notice shall be specific as to the

time period, and an amendment to the proposed Notice is specified below. Defendants' argument that the period should be limited to two years instead of three years is rejected - the Court will entertain argument after development of the factual record, as appropriate, as to the applicable statute of limitations. Also, Plaintiffs' request that the statute of limitations be tolled until the "opt-in" deadline is denied.

To allow a sufficient amount of time for receipt of the Defendants' information, preparation of the Notice for mailing, and a response time for potential members of the collective action, Plaintiffs' counsel shall indicate on the Notice that a consent form must be received by the Clerk of Court no later than July 14, 2010.

The Court has reviewed the proposed Notice, and directs that the proposed Notice be amended as follows: after "If you are or were employed ..." add "at any time after November 15, 2006" and indicate that the consent form must be received by July 14, 2010. In addition, the proposed Notice of Consent shall be corrected: "By choosing to join this lawsuit" shall be moved from paragraph 2 and be inserted at the beginning of paragraph 3.

Based on the above, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion be GRANTED, in part, consistent with the above. Defendants shall take the steps necessary to provide, on or before May 26, 2010, the names and identifying information of those individuals currently or formerly (from November 16, 2006, to the present) employed by Defendants as salespersons and "who ever received less than the applicable minimum hourly rate for every hour actually worked during any applicable pay period." Upon receipt of that information, Plaintiffs' counsel is directed to mail the Notice, as amended,

to all such persons, advising that the date by which consent forms must be received is July 14, 2010.

DONE AND ORDERED in Chambers in Miami this 12th day of May 2010.

*WM M Hoeveler*
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
Anthony F. Sanchez
Douglas T. Marx