UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  09-23481-CIV-HOEVELER/TURNOFF

Pedro Amor, and; others similarly situated,

     Plaintiff,

vs.                                                                                    **CLASS REPRESENTATION**

Brickell Motors, LLC, a Florida Corporation
d/b/a "Brickell Motors" , et al.,

     Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
## AND STIPULATION OF DISMISSAL WITH PREJUDICE

     Plaintiff Pedro Amor ("Plaintiff") individually and on behalf of other similarly situated plaintiffs, and Defendants Brickell Motors, LLC, Miami Automotive Retail, Inc., and Alexander Andreus ("Defendants"), through their respective undersigned counsel, submit this Joint Motion for Approval of Settlement Agreement and Stipulation of Dismissal With Prejudice, and respectfully state as follows:

     1.     This is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery of minimum wages alleged to be due and owing to him and other similarly situated employees.

     2.     On May 12, 2010, the Court granted Plaintiff's Motion for Conditional Certification of Collective Action under the FLSA. [D.E. 20]. Twenty-nine others have opted-in as plaintiffs to this action.

     3.     On September 16, 2010, the parties participated in a mediation conference in accordance with the Court's Order dated June 9, 2010 [D.E. 29]. At that time, the parties reached an amicable resolution of this matter resulting in the settlement of all claims against

1

Defendants by Plaintiff and 29 other opt-in plaintiffs to this lawsuit. This settlement results in the satisfaction of the minimum wage claims of a total of thirty (30) hourly wage former employees of the Defendants.

4.     The parties have jointly prepared and approved a Confidential Settlement Agreement that will be executed by Plaintiff and Defendants. As its title indicates, the parties agreed that the terms of the settlement would remain confidential to the greatest extent possible. Accordingly, the parties are submitting a copy of the Confidential Settlement Agreement for the Court's inspection *in camera* and respectfully request that the Confidential Settlement Agreement remain confidential and not be filed in the public record. Because of the nature of Plaintiffs' claims, the settlement agreement requires Court approval in order to become effective. *See Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352 (11th Cir. 1982).

5.     Plaintiff's and Opt-Ins Plaintiffs' minimum wage claims will be distributed utilizing a variable formula incorporating their period of employment, bi-weekly compensation periods, and a negotiated determination of the hours worked each week. Under this settlement, all of the Plaintiffs and Opt-In Plaintiffs will receive a distribution which corresponds fairly to their individual factual circumstances which they acknowledge to be sufficient to fully compensate each for all back wages and liquidated damages allegedly owed for the applicable period covered under this statute.

6.     The amount of the settlement ensures that each Plaintiff will receive a distribution equal to all wages alleged to be due and owing to him or her for the entire three year period which is the subject of this lawsuit, plus an equal amount as liquidated damages, all based upon complete payment of wages for an agreed upon number of hours per work week. This distribution is net of the payment of all attorney's fees and costs. In other words, the payment of

attorneys' fees and costs by the Defendant(s) will not change the described distribution to the various class members.

     7.     Throughout the entirety of the resolution process, Plaintiffs were represented by competent counsel with experience in this area of law. Defendants also were represented by counsel throughout this process. Moreover, as confirmed in each of their Notices of Consent to Opt-In, each of the other 29 plaintiffs have confirmed the authority of the Plaintiff to negotiate the settlement on their behalves and that they would likewise be bound by the terms Confidential Settlement Agreement and the requested Court approval of the settlement.

     WHEREFORE, the parties jointly request that the Court enter an Order approving the settlement agreement, and that following entry of such Order, the Court enter an Order dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement. The parties further request that the Court extend any applicable deadlines until such time as the Court's rules upon the approval of the Settlement Agreement in this case.

     Respectfully submitted on this 27th day of September, 2010.

By:  /s/ Anthony F. Sanchez              By:   /s/ Douglas T. Marx           
      Anthony F. Sanchez                    Douglas T. Marx, Esq.
      afspalaw@aol.com                       Florida Bar No. 0089834
      Florida Bar No. 0789925            E-mail: dmarx@waldmanlawfirm.com
      Anthony F. Sanchez, P.A.          WALDMAN, TRIGOBOFF, ET AL.
      1450 Madruga Ave., Suite        2200 North Commerce Parkway, Suite 202,
      408                                 Weston, FL 33326
      Coral Gables, FL 33146           Telephone: (954) 467-8600
      Telephone: (305) 665-9211        Facsimile:  (954) 467-6222
      Facsimile: (305) 662-2524

                                              *Attorney for Defendants*

*Attorney for Plaintiffs*